UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT HEARD,

        Plaintiff,

v.                       Civil Action No. 10 2228

U.S. CONGRESS,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's complaint and application to proceed *in forma pauperis* and *pro se* complaint. The Court will deny the application, and dismiss the complaint.

Plaintiff states that he is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(g). Unless he establishes that he "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* because, while incarcerated, he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. 2000). Plaintiff contends that § 1915(g) violates his First Amendment right to access the courts and his Fifth Amendment rights to due process and equal protection of the laws.

It appears that plaintiff has accumulated at least "three strikes" for purposes of the

1

PLRA.[1] *See Heard v. Owens*, No. 5:09-cv-357, 2010 WL 554437, at *1 n.1 (M.D. Ga. Feb. 9, 2010) (acknowledging "that plaintiff has had at least three previous complaints or appeals dismissed as frivolous pursuant to 28 U.S.C. § 1915"); *see also Heard v. Moye*, 1:02-CV-720 (N.D. Ga. Apr. 15, 2002) (dismissing action under 28 U.S.C. § 1915A); *Heard v. Bush*, 1:02-CV-354 (N.D. Ga. Feb. 25, 2002) (same); *Heard v. Hall*, 6:00 CV-105 (S.D. Ga. Mar. 15, 2001) (dismissing civil action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)). Nothing in the complaint shows that plaintiff is under imminent danger of serious physical injury or that he otherwise is entitled to proceed without payment of the filing fee.

"Prisoners who are not allowed to proceed [*in forma pauperis*] may pursue their substantive claims just as anyone else by paying the filing fee." *Adepegba v. Hammans*, 103 F.3d 383, 387 (5th Cir. 1996). The District of Columbia Circuit concludes that 28 U.S.C. § 1915(g) "neither divests a prisoner of his right to bring a claim nor changes the law in a way that adversely affects his prospects for success on the merits of the claim." *Ibrahim v. District of*

---

[1] In addition, plaintiff is subject to an injunction order recently issued by the United States District Court for the Southern District of Georgia:

> [I]f Heard files another civil case, he should either pay the Court's $350 filing fee or make some believable showing that the constitutional violation alleged has, at the time he files his complaint, placed him in imminent danger of physical harm. Otherwise, he would be subject to contempt for violating this Court's injunction, prohibiting him from filing IFP petitions in any federal civil case that does not rest on true, objectively verifiable, § 1915(g) 'imminent harm' allegations. He remains free to make filings in any federal case where he pays the appropriate filing fee, or in any criminal or state court case.

*Heard v. Edenfeld*, No. CV410-207, 2010 WL 3893959, at *2 (S.D. Ga. Sept. 20, 2010) (footnote omitted) (Magistrate Report and Recommendation), *adopted*, 2010 WL 3893963, at *1 (S.D. Ga. Sept. 30, 2010).

*Columbia*, 208 F.3d at 1036.

Based on the rulings of the Northern and Southern Districts of Georgia and plaintiff's failure to show that he is under imminent danger of serious physical injury, the Court will deny plaintiff's application to proceed *in forma pauperis*. This civil action will be dismissed without prejudice to refiling upon payment in full of the $350 filing fee. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
_____
United States District Judge

DATE: 12/10/10